UNITED STATES of America,
Plaintiff—Appellee,

v.

John Charles FLETCHER,
Defendant—Appellant.

No. 10–6028.

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 2010.

Jonathon Edward Boatman, Virginia Loreen Hines, Leslie M. Maye, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Glen L. Dresback, Glen L. Dresback, Attorney at Law, Altus, OK, for Defendant–Appellant.

Before TACHA, LUCERO, and MURPHY, Circuit Judges.

### ORDER AND JUDGMENT*

CARLOS F. LUCERO, Circuit Judge.

John Charles Fletcher appeals an interlocutory order entered by the district court on January 27, 2010. We dismiss the appeal for lack of jurisdiction.

### I

Prior to Fletcher's trial on drug-related charges, and after repeated conflicts between Fletcher and his counsel, the district court ordered an evaluation of Fletcher's competency to stand trial. On September 28, 2009, the court ordered Fletcher to "be committed to the custody of the Attorney General, for a period not to exceed forty-five (45) days," for such evaluation. Although represented by counsel, Fletcher filed a pro se notice of appeal to challenge the order. We granted the government's motion to dismiss that interlocutory appeal because the notice of appeal was untimely.

On January 27, 2010, after receiving the results of the psychological exam, the district court found Fletcher competent to stand trial. Fletcher then filed a timely notice of appeal of that order pro se, although he is represented by counsel on this appeal.

### II

We directed counsel for both sides to address our jurisdiction to proceed because both parties must generally wait until after conviction and sentencing to appeal in criminal cases. *United States v. Deters*, 143 F.3d 577, 579 (10th Cir.1998). We "depart from the final judgment rule only in those few circumstances 'when observance of it would practically defeat the right to any review at all.'" *Id.* (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25, 60 S.Ct. 540, 84 L.Ed. 783 (1940)). Under the collateral order doctrine, "a litigant may only seek immediate review of orders that: (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) are 'effectively unreviewable on appeal from a final judgment.'" *Deters*, 143 F.3d at 579 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

We lack jurisdiction to review the district court's January 27, 2010, order at present because the district court's finding that Fletcher is competent to stand trial will be reviewable on direct appeal if Fletcher is convicted. *See, e.g., United States v. DeShazer*, 554 F.3d 1281, 1285–87 (10th Cir.2009) (reviewing district court's determination that defendant was competent to stand trial on direct appeal from his conviction). Fletcher's counsel concedes as much. Even if we were to construe Fletcher's notices of appeal to include the September 28, 2009, order, as Fletcher's counsel urges us to do, we have already decided that the notice of appeal Fletcher filed in December 2009 was untimely, and it remains untimely.

### III

For the foregoing reasons, we **DISMISS** the appeal.

